UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>ALLISON LAYTON,<br><br>    Defendant,<br>and<br><br>STAR SEWER AND WATER DISTRICT,<br><br>    Garnishee. | Case No. 1:18-cr-00198-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Allison Layton's Objection/Response (Dkt. 14) to the Government's Writ of Continuing Garnishment (Dkt. 10). The Government asks that the Court deny or reject Layton's Objection. Dkt. 15.

The matter is ripe for review. Because oral argument would not significantly aid its decision-making process, the Court will decide the Motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons below, Layton's Objection is OVERRULED and DENIED.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

The United States District Court for the Central District of California entered a criminal judgment against Layton on November 5, 2015, because of her conviction for wire fraud. Case No. 2:14-cr-00655-GW, Dkt. 59. As part of that judgment, Layton was ordered to pay restitution in the amount of $235,914.80 and a $100 special assessment fee. *Id*. Layton was to do this via "nominal monthly payments of at least 10% of [her] gross income but not less than $200, whichever is greater." *Id*.

On June 29, 2018, the Central District of California transferred jurisdiction of Layton's probation and supervised release to the District of Idaho. Dkt. 63. Layton then fell behind on her restitution payments. To enforce and collect on the judgment, the United States filed an Application for Writ of Continuing Garnishment (the "Writ") pursuant to 18 U.S.C. §§ 36313(a) and 3664(m)(1)(A)(i) and 28 U.S.C. § 3205(b)(1), seeking a wage garnishment of Layton's spouse, Kevin Layton. Dkt. 8. Kevin Layton is employed at Star Sewer and Water District.

The Court entered the Writ, and the Clerk issued the Clerk's Notice and Instructions to Debtor of Post-Judgment Garnishment on February 5, 2025. Dkt. 10. On March 6, 2025, the Court received an answer from Star Sewer and Water District indicating Kevin Layton is employed there along with details as to his compensation. Dkt. 12. Layton and her husband received copies of the Application, Writ, Clerk's Notice, and Star Sewer and Water District's answer on February 14, 2025. Dkt. 13. On March 26, 2025, Layton filed her Objection/Response to the Government's Writ. Dkt. 14. On April 3, 2025, the Government filed its Reply. Dkt. 15.

MEMORANDUM DECISION AND ORDER - 2

## III. ANALYSIS

Pursuant to 18 U.S.C. § 3572(h), "payment of restitution is delinquent if a payment is more than 30 days late." 18 U.S.C. § 3572(h).

In 2023, Layton only paid $600 towards her financial obligations. Based upon the judgment requiring monthly payments of "10% of [her] gross income but not less than $200, whichever is greater," Layton should have paid at least $2,400. Case No. 2:14-cr-00655-GW, Dkt. 59. Because of her failure to remain current on her payments, the Government sent Layton a Delinquency Notice dated March 18, 2024. *See* Dkt. 14, at 5. After receiving the Delinquency Notice, Layton paid just $600 total in 2024 (again, as opposed to the requisite $2,400).

At the time the Government filed the Writ in February of this year, Layton was still delinquent, having not made a voluntary payment since April 10, 2024. *See* Dkt. 15-1, at 4. It was not until the Government served Layton with the instant documents that she resumed payments. *Id*.

In sum, Layton has been delinquent in paying her Court-ordered restitution and is not in compliance with the payment schedule set forth in her judgment. Accordingly, this garnishment proceeding is an appropriate method to collect and enforce the judgment debt.

The Government's Writ seeks the property (salary) of Kevin Long. Dkt. 8. Because Idaho is a community property state, *see* Title 32, Chapter 9 of the Idaho State Code, Layton herself has a substantial, non-exempt, community property interest in the funds Kevin Long earns from his employment. "[A] judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person fined." 18 U.S.C.

§§ 3613(a) and (f). The Federal Debt Collection Procedures Act defines property to include "any present or future interest . . . including community property . . . ." 28 U.S.C. § 3002(12). Therefore, the community property interest of Kevin Layton's wages is subject to garnishment. *See United States v. Berger*, 574 F.3d. 1202, 1205 (9th Cir. 2009) ("community property is available to satisfy a restitution judgment obtained . . . against a criminally liable spouse . . . including that portion of the property that otherwise would potentially be awarded upon dissolution of marriage to an innocent spouse . . . .").

In her Objection/Response, Layton does not specifically state a claim of exempt property. Nor could she. As outlined above, community property is not exempt from a valid Writ. Importantly, Layton was provided with a list of statutory exemptions, *see* Dkt. 10-1, at 2–3, but she did not reference any of those exemptions in her Objection/Response. Simply put, it appears Layton has a general objection to her husband's wages being garnished to pay her debts.

Kevin Layton's wages do not fall within any of the exemptions listed in 18 U.S.C. § 3613(a). Instead, wages are limited under 15 U.S.C. § 1673(a), which are set out in 18 U.S.C. § 3613(a). "The maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . ." 15 U.S.C. § 1673(a). The Writ in this case instructed the Garnishee (Star Sewer and Water District) to comply with 15 U.S.C. § 1673(a). The Court has reviewed the Garnishee's Answer and can confirm they calculated the disposable earnings of Kevin Layton in accordance with

the Writ and the applicable statutes. In short, because no valid exemption exists as to Kevin Layton's wages, Layton's Objection/Response is OVERRULED and DENIED.

Layton did not request a hearing, and the Court sees no reason to hold a hearing in this matter. *See* 28 U.S.C. § 3202.

## IV. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Layton's Objection/Response (Dkt. 14) to the Government's Writ is OVERRULED and DENIED. The Writ is in full force and effect, and the Government can proceed in accordance with all applicable statutes and procedures.

DATED: April 7, 2025

David C. Nye
Chief U.S. District Court Judge